## CARRIAGE STRUCK BY CAR RUNNING SOUTH ON NORTH-BOUND TRACK.

Circuit Court of Hamilton County.

THE CINCINNATI TRACTION CO. v. JAMES JAMISON.

Decided, March 19, 1910.

*Collision Between Car and Carriage—In-bound Car Running on Outbound Track—Frightened Horse—Answers by Motorman to Questions Immediately After the Accident not Competent—Negligence—Charge of Court—Pleading.*

1. Where the answer contains no averment of contributory negligence, and the defendant offered no evidence in support of such a theory

of the case, it is error to instruct the jury on the subject of con-
tributory negligence, or to express an opinion as to the amount of
evidence tending to prove contributory negligence.
2. What a motorman said immediately after the accident, not volun-
tarily and spontaneously, but in answer to questions by witnesses
of the accident as to why he did not stop the car, is not a part of
the *res gestae* and therefore not admissible in evidence.
3. While a motorman should exercise more care when running on the
left hand track than when running on the right hand track, yet it
is still only ordinary care which can be required of him.

*Kinkead & Rogers,* for plaintiff in error.
*J. T. Rhyno* and *Walter M. Locke,* contra.

The defendant in error recovered a verdict of $257.47 for in-
jury to his horse and buggy in a collision with a traction car on
College Hill. The petition alleged that the horse was frightened
and uncontrollable at the time of the accident, that the motorman
saw or could have seen the peril in which the plaintiff was placed
in ample time to have stopped the car, and that the situation was
further complicated by the fact that a down car was running on
the up track.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

There can be no burden of proof of any issue not raised by
the pleadings nor by the evidence. The defendant offered no
evidence tending to prove contributory negligence, nor did the
answer contain any such defense. The court therefore erred in
charging upon the subject of contributory negligence. It was
also error to express the opinion "that there is little, if any, evi-
dence tending to show that there was any contributory negligence
on the part of the plaintiff." If there was in fact none it would
have been proper to so instruct the jury; but while a doubt
existed, it was a question for the jury and not for the court.

Witnesses were permitted to testify to declarations of the
motorman in answer to questions put to him by the plaintiff
and a bystander after the accident, to-wit: "Why didn't you
stop the car." He says, "I could not stop the car." He says
"the brake would not work." And again: "The motorman
he said the brake didn't work. We asked him why he didn't
stop. He says the brake didn't work, he could not stop."

These are not voluntary and spontaneous declarations characterizing the transaction, but constitute the motorman's version of a past occurrence, given under pressure by the witnesses. The numerous cases cited by counsel for defendant in error undoubtedly show a tendency to relax the rule of evidence in like cases, but none of them goes so far as to hold that such declarations made under such circumstances are a part of the *res gestae* and therefore admissible.

The court erred in defining the term "burden of proof."

It is also urged that the court erred in charging the jury that a motorman should exercise more care in running the car on the left hand side of the road, than if running on the right hand side. Under the pleadings and evidence of this case, the horse being already frightened and beyond the control of the driver, the motorman could not anticipate that the horse would be liable to turn one way more than another and especially that he would attempt to pass the car on the side next to a steep enbankment and where there was no room to pass. If the motorman in the exercise of ordinary care saw the peril of horse and driver, his duty to have his car under control and if necessary stop it, arose not from running on the left side of the road, but the unmanageable and perilous condition of the horse and driver. Under certain circumstances the motorman would perhaps be required to exercise relatively more care in using the left hand track than if using the right hand track; but it would still be only ordinary care, and we think the jury so understood the instruction. The error if any was harmless.

The judgment will be reversed and the cause remanded for a new trial.